**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**BILLINGS DIVISION**
_____

| | |
|---|---|
| CHARLES ALVIN JOHNSON, | |
| | CAUSE NO. CV 06-66-BLG-RWA |
| Plaintiff, | |
| | |
| vs. | FINDINGS AND RECOMMENDATION |
| | OF UNITED STATES MAGISTRATE |
| MONTANA 13TH JUDICIAL COURT; | JUDGE TO DISMISS COMPLAINT |
| YELLOWSTONE COUNTY; BILLINGS, | |
| MONTANA; RUSSELL C. FAGG; | |
| | |
| Defendants. | |

_____

Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis*. He has filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that he should have received credit for suspended time served on his state court sentence.

**I.   PRELIMINARY SCREENING OF THE COMPLAINT**

Pursuant to the federal statute governing prisoner litigation, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. §§ 1915A. The Court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if

FINDINGS AND RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE TO DISMISS COMPLAINT / PAGE 1

the complaint seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).  The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts."  Id. (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).  Leave to amend is liberally granted to *pro se* litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)). Additionally, the courts must liberally construe *pro se* pleadings. Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

**II.   PARTIES**

Plaintiff is a pro se prisoner proceeding *in forma pauperis*. He is currently incarcerated at the Dawson County Correction Facility in Glendive, Montana.

The named Defendants are the Montana 13th Judicial Court; Yellowstone County; Billings, Montana; and Judge Russell C. Fagg.

**III.  PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges that his motion for credit for suspended

FINDINGS AND RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE TO DISMISS COMPLAINT / PAGE 2

time should have been granted.  In a letter to Plaintiff dated February 27, 2006, Judge Russell Fagg indicated that Plaintiff's issues should be addressed through the Department of Corrections. However, Plaintiff argues that only the sentencing judge can change the sentencing order.

Plaintiff is asking that credit for 545 days should be included in his sentencing order.

**IV. ANALYSIS**

Where a prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 488-490 (1973); <u>Young v. Kenny</u>, 907 F.2d 874 (9th Cir. 1989).  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is proper where a prisoner wishes to challenge the conditions of his confinement.  <u>Id.</u>  Each claim provides a prisoner with access to the federal courts for "claims of unconstitutional treatment at the hands of state officials, but they differ in their scope and operation."  <u>Heck v. Humphrey</u>, 512 U.S. 477, 480 (1994).  In <u>Heck</u>, the Supreme Court clarified the distinguishing characteristics of the two actions and held that,

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint **must be dismissed** unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

<u>Id.</u> at 487 (emphasis added).  In such a case, a prisoner's sole

FINDINGS AND RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE TO DISMISS COMPLAINT / PAGE 3

federal remedy is a writ of habeas corpus.  See Preiser, 411 U.S. 475.

Plaintiff's claims regarding the failure of the Judge to amend the sentencing order to give Plaintiff credit for 545 days are not proper under 42 U.S.C. § 1983.  Plaintiff can only challenge the duration of his sentence in a petition for writ of habeas corpus.

Accordingly, the Court should dismiss this case because Plaintiff's sole federal remedy is his federal writ of habeas corpus.

The Court also notes that even if Plaintiff could proceed, Judge Fagg would be entitled to judicial immunity.  Judges are absolutely immune from liability for their judicial acts.  Butz v. Economou, 438 U.S. 478 (1978); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).  "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 553-554 (1967).  The claims against Judge Fagg all involve his acts done within his judicial jurisdiction.  Accordingly, Judge Fagg would be entitled to judicial immunity.

### RECOMMENDATION

Based on the foregoing, the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), **RECOMMENDS** that Plaintiff's Complaint (Dkt. # 1) be **DISMISSED WITH PREJUDICE**

for failure to state a claim upon which relief can be granted. In addition, the Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike with regard to the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

The Clerk of Court shall serve a copy of this Findings and Recommendation of the United States Magistrate Judge upon Plaintiff. Plaintiff is advised that pursuant to 28 U.S.C. § 636(b)(1), he has the right to file written objections to this Findings and Recommendation. Any objections to the Findings and Recommendation must be filed with the Clerk of Court within twenty (20) days after the signing of this recommendation, or objection is waived.

DATED this 15th day of June, 2006.

/s/ Richard W. Anderson
Richard W. Anderson
United States Magistrate Judge